UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KELLY JOE CAMPBELL,<br><br>      Plaintiff,<br><br>  vs.<br><br>JASON SALAMUN, ERIC WHITCHER, MRS. LAWLER, MR. LAPP, and SOUTH DAKOTA ATTORNEY GENERAL,<br><br>      Defendants. | 5:24-CV-05039-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Kelly Joe Campbell, formerly an inmate at the Pennington County Jail and currently an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Campbell filed a motion for leave to proceed in forma pauperis and provided his prisoner trust account report. Dockets 2 and 6.

I. **Motion to Proceed In Forma Pauperis**

Campbell reports average monthly deposits of $00.00 and an average monthly balance of $00.00. Docket 2 at 1. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v.*

*Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Campbell's prisoner trust account, the court grants Campbell leave to proceed in form pauperis and waives his initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Campbell must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at

Campbell's institution. Campbell remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.  1915A Screening

### A.  Factual Background

The facts alleged in Campbell's complaint are: that defendants violated Campbell's Sixth Amendment rights because they denied him the right to be represented by court appointed counsel at his initial appearance. Docket 1 at 7. He claims that the Pennington County Public Defender's Office had a policy in February of 2024, that public defenders would not be present during initial appearances and bond hearings. *Id.* Campbell contends that his initial appearance was held on February 6, 2024, while he was in custody at the Pennington County Jail. *Id.*

### B.  Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Campbell's complaint under 28 U.S.C. § 1915A.

## C.     Legal Analysis

### 1.     Sixth Amendment Official and Individual Capacity Claims Against Whitcher, Lawler and Lapp

Campbell brings claims against Eric Whitcher, as Director of the Pennington County Public Defender's Office, Mrs. Lawler, as Assistant Director of the Pennington County Public Defender's Office, and Mr. Lapp, as Law Office Manager of the Pennington County Public Defender's Office. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Campbell's official capacity claims against Whitcher, Lawler and Lapp are equivalent to claims against Pennington County.

A county government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

The United States Supreme Court "has held that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty.*,

5

554 U.S. 191, 194 (2008). Campbell alleges that this right was violated by an official policy of the Pennington County Public Defender's Office and individually by Whitcher, Lawler and Lapp.

Thus, Campbell's claims for money damages against Whitcher, Lawler and Lapp in their official and individual capacities survive screening under 28 U.S.C. § 1915A.

### 2. Sixth Amendment Claim Against Jason Salamun, Mayor of Rapid City

Campbell claims that Salamun is liable as the mayor of Rapid City because he has supervisory responsibility over the other defendants. Docket 1 at 4. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Campbell does not allege that Salamun participated in the unconstitutional conduct or failed to train or supervise individuals in the Pennington County Public Defender's Office. Docket 1 at 4. Thus, Campbell's Sixth Amendment right to counsel claim against Salamun in his individual and official capacity is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Sixth Amendment Claim Against South Dakota Attorney General

Campbell claims that the Attorney General of South Dakota is required to be notified of actions against any state actors. But Whitcher, Lawler and Lapp are not state actors—they are employees of Pennington County. Thus, Campbell's Sixth Amendment right to counsel claim against the South Dakota Attorney General is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Campbell's motion for leave to proceed in forma pauperis, Docket 6, is granted.

2. That Campbell's motion of Supplement Complaint, Docket 4, is granted.

3. That the institution having custody of Campbell is directed that whenever the amount in Campbell's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Campbell's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

4. That Campbell's claims for money damages against Whitcher, Lawler and Lapp in their official and individual capacities survive § 1915A screening.

5. That the Clerk of Court shall send blank summons forms and Marshall Service Forms (Form USM-285) to Campbell so that he may cause the complaint to be served upon defendants Whitcher, Lawler and Lapp.

6. That Campbell shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Whitcher, Lawler and Lapp.

7. That the United States Marshals Service shall serve the completed summons, together with a copy of the complaint and the Supplement to the Complaint (Dockets 1 and 4) and this order, upon defendants Whitcher, Lawler and Lapp.

8. That defendants Whitcher, Lawler and Lapp will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

9. That Campbell will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated February 20, 2025.

                                      BY THE COURT:

                                      /s/ *Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE